UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                                        ORDER
   - against -                         CV 05–3178 (LDW)

ABCON ASSOCIATES, ET AL.,

                Defendants.
----------------------------------X
APPEARANCES :

    ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: ROBERT B. KAMBIC, ESQ.
    ASSISTANT UNITED STATES ATTORNEY
    610 Federal Plaza
    Central Islip, New York 11722-4454

    LAZER, APTHEKER, ROSELLA & YEDID
    BY: RUSSELL L. PENZER, ESQ.
    225 Old Country Road
    Melville, NY 11747
    Attorneys for ARA Plumbing & Heating Corp.

    TODTMAN, NACHAMIE, SPIZZ & JOHNS P.C.
    BY: DANIEL ADAM SCHNAPP, ESQ.
    425 Park Avenue
    New York, NY 10022
    Attorneys for Abcon Associates, Inc.

    GOLDBERG & CONNOLLY
    BY: MITCHELL BRIAN REITNER, ESQ.
    66 North Village Avenue
    Rockville Centre, NY 11570
    Attorneys for Goldberg & Connolly

    WESTERMANN HAMILTON SHEEHY AYDELOTT & KEENAN, LLP
    BY: STEPHEN J. GILLESPIE, ESQ.
    The Garden City Center, Suite 502

100 Quentin Roosevelt Boulevard
Garden City, NY 11530
Attorneys for Hi-Lume Corporation and United States Fidelity & Guaranty Company

SNOW BECKER KRAUSS
BY: EDWARD M. CUDDY, ESQ.
605 Third Avenue 25th Floor
New York, NY 10158
Attorneys for St. Vincent's Catholic Medical Centers of New York

MARSHALL M. STERN, ESQ.
16 Cardiff Court
Huntington Station, NY 11746
Attorney for Kamco Supply Corporation

WACHTEL & MASYR, LLP
BY: JEFFREY T. STRAUSS, ESQ.
110 East 59th Street
New York, NY 10022
Attorneys for Haas & Najarian, LLP

SFERRAZZA & KEENAN, PLLC
BY: JOSEPH SFERRAZZA, ESQ.
532 Broad Hollow Road Suite 111
Melville, NY 11747
Attorneys for Lovett Silverman

PHILLIPS LYTLE LLP
BY: ANTHONY M. DiPAULO, ESQ.
437 Madison Avenue
New York, NY 10022
Attorneys for HSBC USA, Inc.

FINKEL GOLDSTEIN ROSENBLOOM & NASH LLP
BY: JOSEPH TED DONOVAN, ESQ.
26 Broadway Suite 711
New York, NY 10004
Attorneys for New York Community Bank, Inc.

STEVEN G. RUBIN & ASSOCIATES P.C.
BY: STEVEN G. RUBIN, ESQ.
225 Old Country Road
Melville, NY 11747
Attorneys for Steven G. Rubin & Associates, P.C.

WEXLER, District Judge:

This is an interpleader action commenced by the United States of America to determine the priority of entitlement to approximately $2.4 million deposited with the Clerk of the Court (the "Fund"). At a pre-motion conference it was determined that the most expeditious way to proceed was to consider a motion to determine the priority of claimant New York Community Bank, formerly known as Roslyn Savings Bank ("Roslyn"). Presently before the court is that motion.[1]

## BACKGROUND

I. Facts Preceding Establishment of the Interpleader Fund

Facts regarding the establishment of the Fund are not in dispute and are detailed below.

Abcon Associates, Inc. ("Abcon") is a company that was retained by the United States Postal Service ("USPS") in connection with a Queens, New York construction project (the "Queens Construction Project"). The president of Abcon is Michael Zenobia, Jr. ("Zenobia"). Zenobia is not a party hereto, but has submitted an affidavit on behalf of the Roslyn priority claim.

After being terminated by the USPS, Abcon commenced an action in the United States Court of Federal Claims alleging that it was wrongfully terminated (the "USPS Action"). On July 17, 2001, judgment was entered in favor of Abcon. (The "USPS Judgment"). The USPS

---

[1] It is agreed that the first priority in this matter is to be afforded to claimant HSBC Bank USA, Inc. ("HSBC"). This claim of priority is based upon a General Security Agreement executed by Abcon in favor of HSBC, in 1994 or 1995. It is also agreed that claimants Haas & Najarian, LLP ("H&N") have a priority interest superior to that of Roslyn. H&N, however, have agreed to subordinate their claim to that of Roslyn.

Judgment contemplated a subsequent assessment of precise damages and was also the subject of an appeal by the USPS. Upon conclusion of the appeal, Abcon was awarded, on May 9, 2005, approximately $2.4 million. The USPS thereafter received notice of several claims to the Fund and commenced this interpleader action.

II.     Roslyn's Extension of a Loan to Zenobia and its Claim of Priority

After Abcon's termination by the USPS, United States Fidelity and Guaranty Company ("USF&G") paid claims in connection with various performance and/or payment bonds issued to Abcon and guaranteed by Zenobia and his wife, Theresa Zenobia (collectively the "Zenobias"). After payment on these bonds, USF&G commenced an action in this court (the "USF&G Action") and obtained a judgment against Abcon, the Zenobias and three related corporations (the "USF&G Defendants") in the amount of approximately $2 million (the "USF&G Judgment"). To satisfy the USF&G Judgment, the Zenobias and South Setauket Associates ("SSA"), a partnership neither named nor liable under the USF&G Judgment, borrowed, on March 12, 2002, $2,000,000 from Roslyn (the "2002 Roslyn Loan"). Approximately $1.7 million of that loan was used to satisfy the USF&G Judgment.

Roslyn's claim of priority here is based upon the March 12, 2002 execution of various documents securing the 2002 Roslyn Loan. Those documents grant Roslyn a mortgage in two parcels of real property as well as security interests in monies to be received in connection with the USPS Judgment and the USF&G Judgment. As to real estate collateral, the Zenobias and SSA (but not Abcon) executed a Mortgage and Security Agreement securing the loan by mortgages on: (1) the Zenobia's Nassau County residence and (2) Suffolk County real property owned by SSA. Also executed in connection with the 2002 Roslyn Loan was a "General Loan

and Security Agreement." This document grants to Roslyn, as collateral for the 2002 Roslyn Loan, all sums "due plaintiff (and/or Undersigned) received in [the USF&G Action] and all sums recovered by Undersigned from USPS relative to [the Queens Construction Project]." This document was executed by the Zenobias and by Abcon (but not by SSA). The final security document executed in connection with the 2002 Roslyn Loan was an assignment, also dated March 12, 2002 (the "Assignment"). The Assignment was executed by USF&G in favor of Roslyn and grants to Roslyn an assignment of all of USF&G's rights title and interests to and under the USF&G Judgment as well as any and all claims that USF&G might have against the USPS. On April 12, 2002, to perfect its lien, Roslyn filed a UCC-1 financing statement against Zenobia and Abcon, with the New York State Secretary of State. That statement names as collateral all sums recovered by the Zenobias or Abcon from the USF&G action and all sums recovered USPS (either directly or through USF&G) from the USPS Judgment.

The mortgage on the real properties recited in the mortgage note was payable on April 1, 2004. No portion of that mortgage has been paid and the mortgage note is in default. Although Roslyn commenced foreclosure proceedings in 2004 in Nassau County (against the Zenobias) and in 2005 in Suffolk County (against SSA), those proceedings have not been pursued beyond the filing of complaints and they remain pending. It appears that instead of proceeding with the foreclosure actions, Roslyn seeks to satisfy the amounts due under the 2002 loan with the proceeds of the interpleader fund.

III. <u>Claims Asserting Priority Over the Claim of Roslyn</u>

Abcon's debt to claimant Goldberg & Connolly ("G&C") arises from an action commenced against Abcon in New York State Court in 1998. That action culminated in a

judgment dated January 19, 2001, in favor of G&C in the amount of approximately $200,000. G&C served an execution of that judgment to the Nassau County Sheriff on July 28, 2005. Other claimants to the fund are owed amounts ranging from approximately $40,000 to $500,000.

Certain facts are clear. First, a holding that the March 12, 2002 collateral documents executed in connection with the 2002 Roslyn Loan constitute a perfected security interest in the Fund will give Roslyn a priority over all other claimants. This grant of priority to Roslyn will allow it to exhaust the vast majority, if not all, of the Fund. In the event, however, that Roslyn is not granted priority, all other creditors will be paid.

## DISCUSSION

I. <u>Legal Arguments Against Roslyn's Priority Claim</u>

All creditors, other than Roslyn, recognize that their claims arising from judgments did not constitute perfected security interests entitled to priority liens against the property of the debtor until issuance of execution to the Sheriff by the various judgment creditors. See CPLR §5202(a). In each case, such execution took place after March 12, 2002. Accordingly, if the March 12, 2002 documents constitute a perfected security interest in the Funds, Roslyn will have established its priority over the judgments of the other claimants. If, on the other hand, Roslyn does not hold a perfected security interest, its interest will be subordinate to those of the other creditors.

Roslyn claims priority as a secured creditor with a perfected security interest pursuant to the New York State General Obligations Law as well as the Uniform Commercial Code (the "UCC"). G&C and the other creditors assert priority over Roslyn based upon the argument that Roslyn has an interest in money, and a security interest in money is perfected only when the

holder of the interest is in actual possession of the money. Characterizing Roslyn's security interest in the USPS Judgment as an interest in money (and not in a judgment), it is argued that Roslyn has never perfected its security interest in the money that now constitutes the Fund.

Specifically, G&C's argument (adopted by all other claimants to the fund) is based upon Article 9 of the UCC. G&C relies upon Sections 9-317(a)(2) and 9-312(b)(3) of the UCC. Section 9-317(a)(2) states that lien holders, (such as G&C) have a superior security interest to others if their liens precede the date when a competing security interest is perfected. Section 9-312(b)(3) of the UCC states that a perfected security interest in money is attained only by taking possession of that money.

In addition to joining the argument of G&C, other creditors claim a superior right to the Fund based upon the arguments that: (1) Roslyn does not have a perfected security interest because its UCC financing statement fails to mention its assignment of the rights to the judgment in the case commenced by USF&G; (2) Roslyn's commencement of foreclosure proceedings prevents it from participating in this action because it did not first seek leave of court pursuant to Section 1301(3) of the New York Real Property and Proceedings Law and (3) the equitable doctrine of marshalling requires that Roslyn satisfy its debt by foreclosing on its real property mortgages, rather than destroying the claims of junior debtors in this action.

II.   Disposition of the Motion

    A.   Roslyn's Perfected Security Interest In The USPS Judgment Is
         A Perfected Interest Superior To The Interests of Other Creditors

Section 13-103 of the New York General Obligations Law provides that a judgment for a sum of money can be transferred. N.Y. Gen. Ob. L. §13-103. Such a transfer has been held to be

a transfer of a present interest, even if the judgment is the subject of an appeal. Law Research Serv. Inc. v. Martin Lutz Appellate Printers, Inc., 498 F.2d 836, 839 (2d Cir. 1974); see also In re Marketxt Holdings Corp., 336 B.R. 67, 71 (Bankr. S.D.N.Y. 2006) (assignment of proceeds of lawsuit constitutes a lien that comes into existence at the time of judgment); Strong Memorial Hosp. v. Almac Bldg. Maintenance, Inc. 470 N.Y.S.2d 542, 544 (Sup. Ct. Ct. 1983) (same). As an interest in an existing judgment, Roslyn's interest in the USPS Judgment is a present interest in a judgment and not a future interest in money yet to be received. Therefore, Roslyn need not be in actual possession of the money in the Fund to possess its security interest. Further, as an interest in a judgment, Roslyn's lien is specifically exempt from the filing requirements of the UCC. N.Y.U.C.C. §9-109(d)(9); See Law Research, 489 F.2d at 840 (decided under former section 9-104(h)). Accordingly, the date upon which the loan documents were executed, and not the date of the filing of the UCC-1, is the date when Roslyn's interests became a lien.

In light of the foregoing, the court rejects the argument of G&C regarding the nature of Roslyn's interest and any possession or filing requirements. Roslyn's interest in the Fund was created as of March 12, 2002. That interest was an interest in a judgment, properly transferred under New York law. Accordingly, it has priority over all other claimants. In view of this holding, the court will turn to consider whether the remaining arguments require a different result.

B. The Language of the UCC Filing Statement Does Not Require A Different Result

As noted, Roslyn's lien is not governed by article 9 of the UCC. Therefore, the language used in its UCC-1 financing statement has no relevance to the nature of its lien. Accordingly, the court rejects the argument that the UCC-1 financing statement improperly perfected Roslyn's

security interest.

C. Section 1301(3) of the New York Real Property and Proceedings Law

Section 1301(3) of the New York Real Property and Proceedings Law ("Section 1301(3)") provides that while an action for foreclosure is pending, "no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave" of the court in which the foreclosure action is pending. N.Y.R.P.A.P.L. §1301(3). The purpose of Section 1301(3) to "shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt." Central Trust Co. v. Dunn, 629 N.Y.S.2d 259, 262 (1995). It has been held that the statute, which is in derogation of a plaintiff's right to pursue alternate remedies to recover on a debt, is to be strictly construed. Dollar Dry Dock Bank v. Piping Rock Builders, inc., 581 N.Y.S.2d 361, 362-63 (2d Dep't. 1992); see also Les Placements v. Rosenberg, 1997 WL 1048897 *3 (E.D.N.Y. 1997). In view of the foregoing, the court holds that Section 1303(3) applies only where a plaintiff seeks to maintain more than one action against the same debtor.

Here, the foreclosure action pending in Nassau County names the Zenobias as defendants, the Suffolk County foreclosure action names SSA as defendant. Abcon, the defendant here, is named in neither foreclosure action because it is not liable under the mortgage note. In view of the facts that this action is proceeding against a defendant named in neither foreclosure action, and Section 1303(3) has been held to be "debt and mortgagee specific," Central Trust, 629 N.Y.S.2d at 262, leave of court was not required for Abcon's participation. Accordingly, the court holds that Section 1303(3) is no bar to Abcon's claim.

D. The Equitable Doctrine of Marshalling Does Not Apply

For reasons similar to those supporting the court's rejection of the argument based upon Section 1303(3), the court also rejects the argument that the doctrine of marshalling defeats Roslyn's claim. The equitable doctrine of marshalling of assets requires a senior creditor with more than one available fund to satisfy a debt a single debt, to resort first to the fund that will not destroy the claims of junior debtors. Walther v. Bank of New York, 772 N.Y.S.2d 754, 766-67 (S.D.N.Y. 1991). Marshalling applies, however, only where there are two or more creditors and multiple claims belonging to the same debtor. Id. See also In re King, 305 B.R. 152, 170 (Bankr. S.D.N.Y. 2004) (requirement of two funds belonging to the same debtor "is not met where the two funds sought to be marshaled are held separately, such as by the corporation and its shareholder"), quoting, Official Comm. of Unsecured Creditors of America's Hobby Ctr. v. Hudson United Bank (In re America's Hobby Ctr.), 223 B.R. 275, 287 (Bankr. S.D.N.Y.1998).

Here, as noted, the debtors in the various actions differ. The Zenobias are the debtors in the Nassau County foreclosure action, SSA is the debtor in the Suffolk County foreclosure action and Abcon is the claimant here. Because there is a lack of identity of debtors, marshalling is no bar to Roslyn's claim of priority.

## CONCLUSION

For the foregoing reasons, the court holds that the lien of New York Community Bank, formerly known as Roslyn Savings Bank, is entitled to priority. Accordingly, the motions of all other claimants for summary judgment are denied.

The parties are directed to advise the court, within two weeks of the date of this memorandum and order of the impact of the court's decision on further proceedings in this

matter.

SO ORDERED.

                                      LEONARD D. WEXLER
                                      UNITED STATES DISTRICT JUDGE

Date:  Central Islip, New York
         December *18*, 2006