UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

                Plaintiff,

                                          ORDER
    - against -                          CV 05–3178 (LDW)

ABCON ASSOCIATES, ET AL.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
APPEARANCES **:**

    ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: ROBERT B. KAMBIC, ESQ.
    ASSISTANT UNITED STATES ATTORNEY
    610 Federal Plaza
    Central Islip, New York 11722-4454

    LAZER, APTHEKER, ROSELLA & YEDID
    BY: RUSSELL L. PENZER, ESQ.
    225 Old Country Road
    Melville, NY 11747
    Attorneys for ARA Plumbing & Heating Corp.

    TODTMAN, NACHAMIE, SPIZZ & JOHNS P.C.
    BY: DANIEL ADAM SCHNAPP, ESQ.
    425 Park Avenue
    New York, NY 10022
    Attorneys for Abcon Associates, Inc.

    GOLDBERG & CONNOLLY
    BY: MITCHELL BRIAN REITNER, ESQ.
    66 North Village Avenue
    Rockville Centre, NY 11570
    Attorneys for Goldberg & Connolly

    WESTERMANN HAMILTON SHEEHY AYDELOTT & KEENAN, LLP
    BY: STEPHEN J. GILLESPIE, ESQ.
    The Garden City Center, Suite 502
    100 Quentin Roosevelt Boulevard

Garden City, NY 11530
Attorneys for Hi-Lume Corporation and United States Fidelity & Guaranty Company

SNOW BECKER KRAUSS
BY: EDWARD M. CUDDY, ESQ.
605 Third Avenue 25th Floor
New York, NY 10158
Attorneys for St. Vincent's Catholic Medical Centers of New York

MARSHALL M. STERN, ESQ.
16 Cardiff Court
Huntington Station, NY 11746
Attorney for Kamco Supply Corporation

WACHTEL & MASYR, LLP
BY: JEFFREY T. STRAUSS, ESQ.
110 East 59th Street
New York, NY 10022
Attorneys for Haas & Najarian, LLP

SFERRAZZA & KEENAN, PLLC
BY: JOSEPH SFERRAZZA, ESQ.
532 Broad Hollow Road Suite 111
Melville, NY 11747
Attorneys for Lovett Silverman

PHILLIPS LYTLE LLP
BY: ANTHONY M. DiPAULO, ESQ.
437 Madison Avenue
New York, NY 10022
Attorneys for HSBC USA, Inc.

FINKEL GOLDSTEIN ROSENBLOOM & NASH LLP
BY: JOSEPH TED DONOVAN, ESQ.
26 Broadway Suite 711
New York, NY 10004
Attorneys for New York Community Bank, Inc.

STEVEN G. RUBIN & ASSOCIATES P.C.
BY: STEVEN G. RUBIN, ESQ.
225 Old Country Road
Melville, NY 11747
Attorneys for Steven G. Rubin & Associates, P.C.

WEXLER, District Judge:

This is an interpleader action commenced by the United States of America to determine the priority of entitlement to approximately $2.4 million deposited with the Clerk of the Court (the "Fund"). In a memorandum and order dated December 18, 2006, this court ruled upon a motion to determine the priority of claimant New York Community Bank, formerly known as Roslyn Savings Bank ("Roslyn"). That decision held that the lien of New York Community Bank, formerly known as Roslyn Savings Bank, was entitled to priority. In accord with that finding, the motions of all other claims for summary judgment were denied. Presently before the court is the motion of claimant Goldberg & Connolly for reconsideration.

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

3

The court has considered the submissions of the parties and, upon such consideration in light of the standards referred to above, the court sees no reason to change its prior decision in this matter. Accordingly, the motion for reconsideration is denied.

## CONCLUSION

The motion of Goldberg & Connolly for reconsideration of the memorandum and opinion of this court dated December 18, 2006 is denied. The Clerk of the Court is directed to terminate the motion. The parties are directed to advise the court, within two weeks of the date of this memorandum and order of the status of this litigation.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Date: Central Islip, New York
March 29, 2007